UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRIOUS GATES,<br><br>    Plaintiff,<br><br>    v.<br><br>SUPERIOR LOAN SERVICING,<br><br>    Defendant. | Case No. 3:21-cv-06369-WHO<br><br>**TEMPORARY RESTRAINING ORDER**<br>Re: Dkt. No. 11 |

Based on the record before the Court, which does not include a response from defendant because of the timing of plaintiff's service of the order setting the hearing, the application for a temporary restraining order ("TRO") is GRANTED.

Plaintiff Tyrious Gates has shown "serious questions going to the merits" that his property was foreclosed on in violation of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") and/or California state law. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (holding that a preliminary injunction can issue if a plaintiff demonstrates "serious questions going to the merits," that the balance of hardships "sharply" favors him, and that the other elements are met); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, n. 7 (9th Cir. 2001) (holding that the standard for a preliminary injunction and TRO are the same).

Gates has also shown irreparable injury absent a TRO: the loss of real property at an imminent foreclosure sale. *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1159 (9th Cir. 2011) ("It is well-established that the loss of an interest in real property constitutes an irreparable injury.").

The balance of hardships "sharply favors" Gates. *See Wild Rockies*, 632 F.3d at 1132.

Selling the property in a foreclosure sale could result in its permanent loss or imposing additional burdens on him to reclaiming it.  The burden on the defendant, however, is minimal; it must simply wait for briefing and decision on a motion for preliminary injunction.  At worst for it—if it is ultimately successful on the preliminary injunction—it will face a small delay in selling the property as a result of the TRO.

The public interest is served by issuing a TRO.  There is an important public interest in ensuring that property is not foreclosed on unlawfully.

Because there is no concrete harm from a short delay in the sale that has been identified, no bond is required.

## TEMPORARY RESTRAINING ORDER

This TRO is effective immediately upon this Order's issuance and will dissolve when I rule on a motion for a preliminary injunction (or if the plaintiff fails to file such a motion).

This TRO applies to defendant Superior Loan Servicing and its officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with those just listed.

The foregoing individuals and entities are TEMPORARILY RESTRAINED from any sale, disposition, or transfer of the property located at 1221 Westminster Avenue, East Palo Alto, California 94303, in any manner, including (but not limited to) in a foreclosure sale.

The plaintiff shall immediately serve the defendant with this Order.

## PRELIMINARY INJUNCTION PROCEDURE

The plaintiff shall file a motion for a preliminary injunction by September 15, 2021.  If he fails to do so, this TRO will terminate on September 16, 2021, at noon.  The defendant shall file its response by September 22, 2021.  The plaintiff may file a reply by September 27, 2021.  A hearing on the preliminary injunction will be held on September 29, 2021, at 2:00 pm.

**IT IS SO ORDERED.**

Dated: September 8, 2021

William H. Orrick
United States District Judge