UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRIOUS GATES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR LOAN SERVICING,<br><br>　　　　Defendant. | Case No. 3:21-cv-06369-WHO<br><br>**ORDER ON MOTION TO CONTINUE CMC, REQUIRING IMMEDIATE SERVICE OF PROCESS**<br><br>Re: Dkt. No. 31 |

Plaintiff Tyrious Gates moves to continue the case management conference ("CMC") that he says is set for today, November 18, 2021. Dkt. No. 31. There was no CMC set for today, so his motion is moot. (It appears that he got that date from the initial case management order issued when the case was before Judge Hixson; the order reassigning the case vacated that date.)

Separately, Gates's motion revealed that he "has not *formally* served" defendant Superior Loan Servicing ("Superior"). Dkt. No. 31 (emphasis in original). That is deeply troubling. After Gates filed his motion for a temporary restraining order ("TRO"), I set a hearing on it and wrote that "[c]ounsel for the plaintiff is ORDERED to *serve the defendant with process* and a copy of this Order immediately." Dkt. No. 12 (emphasis added). That was more than two months ago. Gates filed an affidavit attesting that he effectuated service; it is now plain that he only meant service of the TRO itself, not service of process, despite my clear order. *See* Dkt. No. 14. Service of process is no mere formality, it permits a court to assert personal jurisdiction over a defendant. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir. 1987).[1]

Gates is ORDERED to serve Superior with process under Federal Rule of Civil Procedure

---

[1] Superior has appeared in this action and opposed the preliminary injunction with multiple briefs, but it did not rely on a lack of service of process or personal jurisdiction in opposing it.

1  4 immediately; he or his counsel is ORDERED to file a declaration under penalty of perjury on
2  the docket stating that service has been dispatched by 5:00 pm on November 22, 2021.  A failure
3  to do either may result in dissolving the preliminary injunction.
4  **IT IS SO ORDERED.**
5  Dated: November 19, 2021



William H. Orrick
United States District Judge