UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRIOUS GATES,<br><br>   Plaintiff,<br><br>  v.<br><br>SUPERIOR LOAN SERVICING,<br><br>   Defendant. | Case No. 3:21-cv-06369-WHO<br><br>**ORDER DISSOLVING PRELIMINARY INJUNCTION** |

I issued a preliminary injunction to prevent a foreclosure sale of plaintiff Tyrious Gates's property by defendant Superior Loan Servicing ("Superior") based on its failure to comply with certain provisions of California's Homeowner's Bill of Rights ("HBOR"). *See* Dkt. No. 30. In response to a motion to dissolve the injunction, I modified it to require the parties to have a meeting that satisfied the relevant HBOR requirements. *See* Dkt. No. 45.

The parties have now filed a joint statement agreeing that the requirements of the statute have been met. *See* Dkt. No. 47 ("The parties agree that the meeting satisfied the requirements of Civil Code section 2923.55."); *see also* Dkt. No. 49 (notice of occurrence of second meeting).[1] That violation of HBOR was the only basis for the preliminary injunction. *See* Dkt. No. 30. As I previously stated would occur, *see, e.g.*, *id.* at 1, now that the statute has been complied with, there is no basis to enjoin the foreclosure sale. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (holding that a preliminary injunction requires likelihood of success

---

[1] The notice that a second meeting occurred was filed unilaterally by Superior because, as the email attached to it shows, Gates's counsel never responded to Superior's counsel, even after I issued an order requiring a status report due to the parties not filing one on time. *See* Dkt. No. 49-1 (email); *see also* Dkt. No. 48 (order). But Gates's counsel previously agreed to the parties' joint representation that the statute was satisfied, *see* Dkt. No. 47, and his nonresponsiveness about a second meeting has forfeited the opportunity to file anything further about it.

on, or serious questions going to, the merits); *see also In re Turner*, 859 F.3d 1145, 1150 (9th Cir. 2017) (holding that the remedy for violation of this HBOR provision is postponing foreclosure sale).

Accordingly, the preliminary injunction entered in this case is DISSOLVED.

**IT IS SO ORDERED.**

Dated: August 30, 2022



William H. Orrick
United States District Judge