UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRIOUS GATES,<br>           Plaintiff,<br>    v.<br>SUPERIOR LOAN SERVICING,<br>           Defendant. | Case No. 3:21-cv-06369-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 58 |

This case concerns an allegedly unlawful foreclosure. *See* Complaint ("Compl.") [Dkt. No. 1]. I previously granted plaintiff Tyrious Gates' motion for a temporary restraining order ("TRO"), Dkt. No. 15, and his motion for a preliminary injunction ("PI"), Dkt. No. 30, against defendant Superior Loan Servicing ("Superior"). The TRO was based on Superior's alleged noncompliance with certain provisions of California's Homeowner's Bill of Rights ("HBOR"). The PI was dissolved on August 30, 2022, based on the parties' agreement that the relevant provisions of the HBOR had been met. [Dkt. No. 50].

Subsequently, defense counsel filed a case management statement saying that plaintiff's counsel failed to appear at a Rule 26(f) conference. [Dkt. No. 51]. Plaintiff's counsel filed a late and separate case management statement and then failed to appear at a Case Management Conference, and I issued an Order to Show Cause ("OSC") as to why he should not be sanctioned. [Dkt. No. 53]. I later dissolved the OSC and noted that Superior believed there were no remaining claims in the case. [Dkt. No. 57] (Minute Order). Superior then filed this motion to dismiss. ("Mot.") [Dkt. No. 58].

Superior now moves to dismiss the case in its entirety, asserting that because the claim concerning the HBOR has been addressed, there are no remaining issues in this case. ("Mot.")

[Dkt. No. 58].  Gates' initial complaint contained five other causes of action in addition to the HBOR claim, including claims concerning (1) violation of the CARES Act; (2) violation of RICO; (3) violation of the Truth in Lending Act; (4) fraudulent business practices; and (5) violation of Gates' Due Process rights.  *See* Compl.  However, Gates' late response neither opposed the motion nor addressed any of the five claims not mentioned by Superior; rather, the opposition stated that Gates' counsel is entitled to attorney fees under California Civil Code § 2924.12, given his success at the preliminary injunction stage.  ("Oppo.") [Dkt. No. 62].  Superior did not file a reply to the belated response.

Due to the lack of opposition and based on the uncontested mootness of any remaining issues in this case, Superior's motion is GRANTED.[1]  Gates may file a separate motion for attorney fees within 14 days of the filing of this Order, should he wish to do so.  If no motion is filed, judgment shall be entered in this case.

**IT IS SO ORDERED.**

Dated: February 23, 2023

William H. Orrick
United States District Judge

---

[1] Under Civil Local Rule 7-1(b), I find this matter appropriate for resolution without oral argument and so VACATE the hearing scheduled for March 1, 2023.  The Case Management Conference set for that date is also vacated.